# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CLARENCE REDMOND LOGUE JR., )
a.k.a. CLAY LOGUE, )
　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
v. ) Case No. CV408-045
　　　　　　　　　　　　　　　　)
CHATHAM COUNTY DETENTION )
CENTER, McARTHUR HOLMES, )
C/O WILLIAMS, CPL. WARREN, )
SGT. BARBOUR, and )
CPL. ROWLAND, )
　　　　　　　　　　　　　　　　)
　　　Defendants. )

## REPORT AND RECOMMENDATION

On March 7, 2008, Clarence Redmond Logue, Jr., currently incarcerated at the Chatham County Detention Center, filed a 42 U.S.C. § 1983 civil complaint form and a motion to proceed *in forma pauperis*. (Docs. 1 & 2.) In response, on May 12, 2008 the Court ordered him to return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days. (Doc. 3.) Logue timely returned the two forms. (Docs. 4 & 5.) Upon further review, however, it appears that Logue

is barred from proceeding *in forma pauperis* on his claim due to the three strikes provision of 28 U.S.C. § 1915(g). See <u>McKenzie v. U.S. Dep't of Justice</u>, 143 F. App'x 165 (11th Cir. 2005) (per curiam) (district court may revisit earlier order allowing prisoner suit to proceed). Consequently, Logue's complaint should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

Plaintiffs are generally required to pay $350 to institute a civil action in federal district court. 28 U.S.C. § 1914. Indigent prisoners may commence an action without prepayment of the filing fee if they proceed *in forma pauperis* under § 1915.[1] In order to proceed *in forma pauperis*, however, prisoners must satisfy § 1915(g), which states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Prisoners, unlike other indigents, are always required to pay the filing fee, but they may do so over time rather than paying the entire cost up front. 28 U.S.C. § 1915(b)(1).

2

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Logue is a frequent filer in federal court who has clearly exceeded the "three strikes" permitted by § 1915(g). See Logue v. Chatham County Det. Ctr., No. CV404-218 (S.D. Ga. Feb. 9, 2005) (dismissed for failure to state a claim and failure to exhaust remedies); Logue v. Chatham County Det. Ctr., No. 05-10983 (11th Cir. Oct. 4, 2005) (appeal dismissed for failure to state a claim and failure to exhaust remedies); Logue v. Superior Ct., No. CV203-2111 (C.D. Cal. Apr. 4, 2003); see also Logue v. Chatham County Det. Ctr., No. CV408-042 (S.D. Ga. May 22, 2008) (dismissed for failure to state a claim, but action was dismissed after this lawsuit was filed); Logue v. Prison Health Services, No. CV408-028 (S.D.

3

Ga. filed Feb. 11, 2008) (dismissed as "three-striker" failing to allege imminent danger).² Accordingly, without a showing of "imminent danger of serious physical injury," Logue's complaint should be dismissed without prejudice. 28 U.S.C. § 1915(g).

In order to come within the "imminent danger" exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, 2006 WL 1687752, *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts cannot invoke the § 1915(g) exception. Margiotti v. Nichols, 2006 WL 1174350, *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, 2007 WL

---

² Logue may have several other strikes in addition to those listed above. He has a history of filing and subsequently abandoning his civil cases, requiring the dismissal of those cases for lack of prosecution. Logue v. Prison Health Servs., No. CV406-283 (S.D. Ga. Feb. 26, 2007); Logue v. Parsons, No. CV305-125 (S.D. Ga. Nov. 3, 2005); Logue v. Chatham County Det. Ctr., No. CV404-055 (S.D. Ga. Sept. 17, 2004). Another case was dismissed for failure to comply with a court order. Logue v. Ellison, No. CV695-1138 (M.D. Fla. Jan. 4, 1996). If his actions in these cases were "abuse[s] of the judicial process," the cases may count as strikes under 1915(g). See Allen v. Clark, 2008 WL 227565, at *1 (11th Cir. Jan. 29, 2008) (citing Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007)).

4

484547, *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, 2006 WL 1640128, *1 (M.D. Fla. June 9, 2006)).

Here, Logue alleges that the defendants were unresponsive to his requests to serve as a witness in the disciplinary proceedings concerning a fight between inmates that he observed. (Doc. 1 at 5-6.) Logue filed inmate request forms and a grievance form (docs. 8-11), but he was ultimately informed that the issue had been resolved (doc. 8). Logue also alleges that the disciplinary procedures in the jail are discriminatory against white inmates, by allowing black inmates to commit crimes against white inmates without consequence. (Doc. 1 at 9.) As he is white, Logue is fearful that he will be victimized and claims that this fear has caused him mental distress. (Doc. 1 at 6, 9.) Logue's complaint about not being permitted to serve as a witness clearly fails to allege imminent danger; the disciplinary proceedings have been completed, and he has not alleged that his inability to serve as a witness is directly compromising his physical safety (for instance, he has not alleged that he has been threatened by an inmate who desired Logue's service as a witness). Moreover, his concerns about

5

becoming a victim of racial crime within the jail are far too general to be considered "imminent." He has not alleged that any particular threats are being made against him, much less that the named defendants are ignoring his reports of such threats. Consequently, Logue's complaint does not fall within the "imminent danger" exception to the three-strikes bar. Brown, 387 F.3d at 1349.

The Court also notes that an additional, independent ground for dismissal without prejudice exists in this case: Logue's failure to respond truthfully to a question in his civil complaint form. Question I(B) on the civil complaint form requires a plaintiff to disclose whether he has brought any other federal lawsuits while incarcerated. (Doc. 1 at 2-3.) Under penalty of perjury, Logue checked "yes" in response to the question, but he listed only one prior federal case commenced while he was a prisoner, Logue v. Chatham County Det. Ctr., No. CV408-028 (S.D. Ga. filed Feb. 11, 2008). (Doc. 1 at 2.) The form explicitly states that where the prisoner has filed "more than one lawsuit [he is to] describe [the] additional lawsuits on another piece of paper, using the same

outline." (Id.) The Court has determined that Logue failed to disclose at least eight other suits—which are listed in earlier pages of this Order—that Logue has filed in federal court while incarcerated.[3]

The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing baseless claims and to exact a penalty when they continue to do so. For the reasons stated above, Logue's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If he wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee. See Dupree, 284 F.3d at 1236.

**SO REPORTED AND RECOMMENDED** this 25th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006). The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. See Rivera, 144 F.3d at 731 (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910 (2007).